| | |
|---|---|
| SEDRIC EUGENE JOHNSON, CDCR #AZ-2648,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JOHN DOE, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:17-cv-00889-LAB-JLB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1)** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

## I. Procedural History

On May 1, 2017, Sedric Eugene Johnson ("Plaintiff"), incarcerated at Kern Valley State Prison located in Delano, California, proceeding pro se in this case filed a civil rights Complaint pursuant to 22 U.S.C. § 1983 (ECF No. 1). In addition, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 8), along with a Motion to Appoint Counsel (ECF No. 10).

On September 12, 2017, the Court GRANTED Plaintiff's Motion to Proceed IFP, DENIED his Motion to Appoint Counsel, and simultaneously DISMISSED his Complaint for failing to state a claim upon which relief could be granted (ECF No. 14).

However, Plaintiff was given leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. *Id.* at 7-8. On October 5, 2017, Plaintiff filed his First Amended Complaint ("FAC") (ECF No. 18).

## II. Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its

1  judicial experience and common sense." *Id.* The "mere possibility of misconduct" or
2  "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting
3  this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969
4  (9th Cir. 2009).

B.  <u>Eighth Amendment claims</u>

Plaintiff alleges that he was previously housed at Centinela State Prison ("CEN") on August 2, 2016. (ECF No. 18 at 3.) Plaintiff "decided to work out" before leaving his cell to go to dinner. (*Id.*) Plaintiff alleges that "all of a sudden" his cell door opened and "out of the blue" he was hit by another inmate. (*Id.*) Plaintiff claims "one of the individuals" had "grabbed" his head and placed Plaintiff in a "headlock." (*Id.*) Other individuals were alleged to "continuously uppercut" Plaintiff and he was eventually "released as those individuals proceeded to back away out into the tier." (*Id.*)

Plaintiff alleges that he does not "understand how [his] door was electronically opened." (*Id.* at 4.) Plaintiff left his cell and "proceeded to defend [himself] against those individuals out in the open." (*Id.*) Plaintiff alleges that Defendants Lopez and Garcia arrived on the scene but failed to "sound the alarm" and merely asked "what's going on." (*Id.*) Plaintiff returned to his cell and later was called to the podium. (*Id.*) Plaintiff claims that it was not until that time that officers "decided to show concern" and asked Plaintiff if he needed medical treatment. (*Id.*) Plaintiff claims he told them to "[expletive] off" and refused medical treatment. (*Id.*)

Plaintiff was later summoned to the facility program officer to talk to a Sergeant but he claims he "did not know whom to trust" and did not provide any information about the incident to any correctional officers. (*Id.*) Plaintiff claims that he told the tower control officer that he had "[expletive] up" by allowing his cell door to be opened and he claims the officer "acknowledged" this assessment by "nodding his head." (*Id.* at 5.) Plaintiff told this officer "not to let it happen again." (*Id.*)

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety and well-being of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832–

33 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To state an Eighth Amendment failure to protect claim, however, Plaintiff must allege facts sufficient to plausibly show that (1) he faced conditions posing a "substantial risk of serious harm" to his health or safety, and (2) the individual prison official he seeks to hold liable was "deliberately indifferent" to those risks. *Farmer*, 511 U.S. at 837; *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). To demonstrate deliberate indifference, Plaintiff must allege facts sufficiently to plausibly show that the defendant both knew of and disregarded a substantial risk of serious harm to his health and safety. *Farmer*, 511 U.S. at 837. Thus, Plaintiff must allege "the official [was] both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that] he . . . also dr[e]w that inference." *Id.*

Plaintiff's FAC contains no facts to plausibly suggest that any of the named Defendants knew Plaintiff faced a "substantial risk of serious harm" by the unidentified inmates. Plaintiff alleges no facts that any individual Defendant had any prior knowledge that he was going to be attacked by other inmates. He alleges no additional facts from which the Court might reasonably infer that Defendants were aware or became aware that Plaintiff faced any risk, let alone a substantial one from any other inmate. *Iqbal,* 556 U.S. at 678; *see also Gaut v. Sunn*, 810 F.2d 923. 925 (9th Cir. 1987) ("mere threat" of possible harm does not violate the Eighth Amendment); *Berg v. Kincheloe*, 749 F.2d 457, 459 (9th Cir. 1986) (deliberate indifference requires showing of "more than a mere suspicion that an attack will occur.").

Here, the FAC is devoid of any factual allegation that any of the named Defendants had any knowledge of any threat to Plaintiff prior to this attack. Instead, Plaintiff claims that the response to the attack was insufficient and that the tower control officer "[expletive] up" when he allowed Plaintiff's cell door to be open. These are claims of mere negligence on the part of Defendants.

/ / /

/ / /

4

"Much like recklessness in criminal law, deliberate indifference . . . may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm." *Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003. Indeed, deliberate indifference may be established if Plaintiff had allege facts sufficient to "infer[] from circumstantial evidence" that "the risk was obvious," *Farmer*, 511 U.S. at 842; but he has alleged no such facts here. *See e.g., Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015). Thus, even if Defendants "should have been aware of the risk, but [were] not," the standard of deliberate indifference is not satisfied "no matter how severe the risk." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002); *Dixon v. Harrington*, No. 1:11-CV-01323-GBC PC, 2013 WL 28639, at *4 (E.D. Cal. Jan. 2, 2013) (finding claim that guard "fail[ed] to recognize" attacking inmate as plaintiff's enemy amounted to "no more than negligence, which is an insufficient basis upon which to predicate a § 1983 claim.").

For these reasons, the Court finds Plaintiff's Eighth Amendment failure to protect claims must be DISMISSED for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1). *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### C. Fourteenth Amendment claims

Plaintiff also alleges that his Fourteenth Amendment rights to equal protection have been violated but it is not clear what facts he is alleging to support this claim. (ECF No. 18 at 4.) Under the Equal Protection Clause, Plaintiff must allege facts showing or intimating he was discriminated against because of his race, religion, or national origin. *See Ashcroft*, 556 U.S. at 681. Allegations of discrimination need be "plausible," not merely "conceivable." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."" *Id.* at 678 (internal citation and punctuation omitted).

"To state a claim under § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment plaintiff must show that the defendant[] acted with an intent or

purpose to discriminate against [him] based on membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (internal quotation and citation omitted). To support such a claim, Plaintiff must allege facts to plausibly show discriminatory intent. *Id.*; *see also Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *FDIC v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991) (essential element of an equal protection claim is to allege that officials intentionally acted in a discriminatory manner, and with a discriminatory purpose).

Here, Plaintiff's FAC is devoid of any allegations that there was some intentional action taken to discriminate against Plaintiff. Specifically, Plaintiff must allege that Defendants took some course of action against him "because of,' not merely 'in spite of' [the action's] adverse effects upon an identifiable group," *Feeney*, 442 U.S. at 279.

"[P]urposeful discrimination requires more than 'intent as volition or intent as awareness of consequences.'" *Iqbal*, 556 U.S. at 676 (quoting *Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)). To state an equal protection claim, Plaintiff's FAC must contain sufficient "factual content" to plausibly show his treatment was "invidiously dissimilar to that received by other inmates." *Seals v. Russell*, No. C 04-1569 SBA, 2007 WL 1697319 *7 (N.D. Cal. June 12, 2007). The discriminatory act must be purposeful. *Id.* Plaintiff's FAC contains no such claims.

Therefore, the Court finds Plaintiff's Fourteenth Amendment equal protection allegations fail to state a claim upon which § 1983 can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### III. Conclusion and Order

Based on the foregoing, the Court:

1) **DISMISSES** Plaintiff's FAC sua sponte for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

/ / /

/ / /

2) **GRANTS** Plaintiff thirty (30) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use and to assist him in complying with LR 8.2.a's requirements.

**IT IS SO ORDERED**.

Dated: November 27, 2017

HON. LARRY ALAN BURNS
United States District Judge