UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDRIC EUGENE JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE; SERGEANT JOHN DOE; LOPEZ; GARCIA; CENTINELA STATE PRISON,<br><br>Defendants. | Case No.: 3:17-cv-00889-LAB-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION;**<br><br>**(2) VACATING ORDER AND CLERK'S JUDGMENT;**<br><br>**AND**<br><br>**(3) GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>**(ECF No. 23)** |

Sedric Eugene Johnson ("Plaintiff"), proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983, has filed a Motion for Reconsideration of the Court's January 16, 2018 Order dismissing the entire action. (ECF No. 23.)

/ / /

/ / /

**I.     Procedural History**

On May 1, 2017, Plaintiff filed this action. (ECF No. 1.)  In addition, Plaintiff filed a Motion for Leave to Proceed IFP. (ECF No. 2.)  On September 12, 2017, the Court GRANTED Plaintiff's Motion to Proceed IFP but simultaneously DISMISSED his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A.  (ECF No. 14.)  Plaintiff was granted leave to file an amended pleading.  (*Id.*)

On October 5, 2017, Plaintiff filed his First Amended Complaint ("FAC").  (ECF No. 18.)  The Court, once again, conducted the required sua sponte screening and DISMISSED Plaintiff's FAC for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A.  (ECF No. 19.)   Plaintiff was given thirty (30) days leave to file amended pleading.  (*Id.*)  However, that time passed and Plaintiff failed to comply with the Court's Order.  Therefore, on January 16, 2018, the Court dismissed the action in its entirety for the reasons set forth in the Court's November 28, 2017 Order and for failing to comply with a Court order.   (ECF No. 20.)

On February 21, 2018, Plaintiff filed a Motion for Reconsideration of the Court's January 16, 2018 Order.  (ECF No. 23.)

**II.     Plaintiff's Motion for Leave to File an Amended Complaint**

In this Motion, Plaintiff seeks leave to vacate the Court's Order dismissing the entire action on the grounds that Plaintiff mistakenly filed an entirely new action instead of filing an amended pleading in this matter.  (*See* Pl.'s Mot., ECF No. 23, at 1.)  The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.  However, a motion requesting reconsideration of a matter previously decided may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).  *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).

/ / /

/ / /

3:17-cv-00889-LAB-JLB

1  "A Rule 59(e) motion may be granted if '(1) the district court is presented with newly

2  discovered evidence, (2) the district court committed clear error or made an initial decision

3  that was manifestly unjust, or (3) there is an intervening change in controlling law.'"

4  *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of*

5  *Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). This type of motion seeks "a substantive

6  change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988)

7  (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is

8  an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197

9  F.3d 1253, 1254 n.1 (9th Cir. 1999). Rule 59(e) may not be used to "'relitigate old matters,

10  or to raise arguments or present evidence that could have been raised prior to the entry of

11  judgment.'" *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev.

12  2013) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d

13  ed. 1995)).

14  In the Court's November 28, 2017 Order, Plaintiff was given leave to file an

15  amended pleading and provided a blank court approved civil rights complaint form for his

16  "use and to assist him" in comply with the Court's Order.  (ECF No. 19 at 7.)

17  A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case

18  No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing

19  *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v.*

20  *Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take

21  notice of proceedings in other courts, both within and without the federal judicial system,

22  if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508

23  F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803

24  n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council*

25  *v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

26  / / /

27  / / /

28  / / /

The Court takes judicial notice of *Johnson v. Centinela State Prison, et al.*, S.D. Cal. Civil Case No. 17cv2568 CAB (WVG) (Filed Dec. 26, 2017.) This matter involves the same facts and the same parties as the action before this Court. The Court notes that Plaintiff failed to write the case number on the operative pleading, failed to identify it as an amended pleading, and submitted a motion to proceed IFP. (*Id.*, ECF Nos. 1, 2.) For these reasons, the Clerk of Court opened this second matter as a new action. In Plaintiff's current Motion, it appears that he was confused by the blank form complaint he received and was perhaps unaware that he needed to supply the correct identifying information himself.

For these reasons, the Court will GRANT Plaintiff's request and will permit Plaintiff leave to file an amended complaint. The Court will provide Plaintiff with another blank form but Plaintiff must supply the correct case number and properly identify the pleading as a Second Amended Complaint.

## III.    Conclusion and Order

Based on the foregoing, the Court:

1)    **GRANTS** Plaintiff's Motion for Reconsideration (ECF No. 23);

2)    **VACATES** the Court's January 16, 2018 Order and the Clerk's Judgment (ECF Nos. 20, 21);

3)    **GRANTS** Plaintiff thirty (30) days to file a Second Amended Complaint which corrects the deficiencies of pleading identified in the Court's November 28, 2017 Order. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

/ / /

4

The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff must provide the correct case number and identify the pleading as his "Second Amended Complaint."

If Plaintiff fails to file an amended pleading, this Court will enter a final order of dismissal.

**IT IS SO ORDERED**.

Dated: March 5, 2018

_____
HON. LARRY ALAN BURNS
United States District Judge

3:17-cv-00889-LAB-JLB