UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDRIC EUGENE JOHNSON, CDCR #AZ-2648,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE, SERGEANT JOHN DOE; LOPEZ; GARCIA; CENTINELA STATE PRISON; J. RODRIGUEZ,<br><br>Defendants. | Case No.: 3:17-cv-00889-LAB-JLB<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1)** |

**I.    Procedural History**

On May 1, 2017, Sedric Eugene Johnson ("Plaintiff"), incarcerated at Kern Valley State Prison located in Delano, California, proceeding pro se in this case filed a civil rights Complaint pursuant to 22 U.S.C. § 1983 (ECF No. 1). In addition, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 8), along with a Motion to Appoint Counsel (ECF No. 10).

On September 12, 2017, the Court GRANTED Plaintiff's Motion to Proceed IFP, DENIED his Motion to Appoint Counsel, and simultaneously DISMISSED his

1

Complaint for failing to state a claim upon which relief could be granted (ECF No. 14).  However, Plaintiff was given leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order.  *Id.* at 7-8.  On October 5, 2017, Plaintiff filed his First Amended Complaint ("FAC") (ECF No. 18).

On November 28, 2017, the Court DISMISSED Plaintiff's FAC for failing to state a claim and again, gave him leave to file an amended pleading.  (ECF No. 19.)  The time to amend passed and the Court DISMISSED the entire action for failing to state a claim and for failing to comply with a Court Order.  (ECF No. 20.)  Plaintiff later filed a motion to reconsider which was GRANTED by the Court.  (ECF Nos. 23, 24.)  Plaintiff was permitted to file an amended pleading and on March 26, 2018, Plaintiff filed his Second Amended Complaint ("SAC").   (ECF No. 27.)  A few days prior, Plaintiff had filed a motion seeking an extension of time to file his SAC.  (ECF No. 26.)  The Court DENIES Plaintiff's motion for extension of time as moot.

**II.	Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

    A.	<u>Standard of Review</u>

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his SAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668

2

3:17-cv-00889-LAB-JLB

F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.    Factual Allegations

Plaintiff alleges that he was previously housed at Centinela State Prison ("CEN") on August 2, 2016. (ECF No. 27 at 3.) Plaintiff "decided to work out" before leaving his cell to go to dinner. (*Id.*) Plaintiff alleges that "heard a mechanical click" and was "instantly punched." (*Id.*) Plaintiff managed to "regain balance" and "hit this individual." (*Id.*) Plaintiff claims two individuals "trying to rush" into his cell but he was able to prevent them from "pushing [him] further back into the cell." (*Id.*)

Plaintiff "wonder[ed]" why the "(tower/booth) officer did not come to his "assistance." (*Id.*) Plaintiff believes that this unknown officer "should have been able to see what was going on." (*Id.*) Plaintiff claims his head was "placed into a head lock and was "uppercuted" over and over." (*Id.* at 4.) He was ultimately let go by these individuals but Plaintiff followed them into the dayroom where he "approached them to fend them off as long a [he] could." (*Id.*) Officers Lopez and Garcia could be heard "entering the building, running through the rotunda right to the area of the altercation."

3

(*Id.*) Plaintiff claims the altercation between his cell and the dayroom "lasted about a minute or so." (*Id.*) Plaintiff claims it was "quite obvious" that he needed medical attention but Officers Lopez and Garcia "did not follow proper policy to sound the alarm call for back up and medical assistance." (*Id.*)

Plaintiff claims that Lopez and Garcia showed a "lack of concern" and the "situation de-escalated itself." (*Id.*) Plaintiff walked back to his cell where he was "in the process of trying to clean" himself when he was "called to the building podium to sign for legal mail." (*Id.* at 5.) Plaintiff claims Correctional Officer Mass[1] "had a look of bewilderment" regarding Plaintiff's physical appearance. (*Id.*) Plaintiff alleges it was not until that time that Lopez and Garcia "attempted" to offer Plaintiff medical treatment. (*Id.*) Plaintiff responded with an "explicit" word and requested a shower which he received. (*Id.*)

Later that day, Plaintiff was sent to the "program office" to speak with the Sergeant. (*Id.*) Plaintiff spoke with Defendant Rodriguez and claims he did not provide Rodriguez with specific factual information but instead "chose to limit his wording due to the fact [he] didn't know who to trust." (*Id.*) Plaintiff acknowledges that he "may have failed to provide crucial details." (*Id.*)

### C. Eighth Amendment failure to protect claims

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety and well-being of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832– 33 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To state an Eighth Amendment failure to protect claim, however, Plaintiff must allege facts sufficient to plausibly show that (1) he faced conditions posing a "substantial risk of serious harm" to his health or safety, and (2) the individual prison official he seeks to hold liable was "deliberately indifferent" to those risks. *Farmer*, 511 U.S. at 837; *Thomas v. Ponder*, 611

---

[1] Mass is not a named Defendant in this action.

F.3d 1144, 1150 (9th Cir. 2010). To demonstrate deliberate indifference, Plaintiff must allege facts sufficiently to plausibly show that the defendant both knew of and disregarded a substantial risk of serious harm to his health and safety. *Farmer*, 511 U.S. at 837. Thus, Plaintiff must allege "the official [was] both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that] he . . . also dr[e]w that inference." *Id.*

Plaintiff's SAC contains no facts to plausibly suggest that any of the named Defendants knew Plaintiff faced a "substantial risk of serious harm" by the unidentified inmates. Once again, Plaintiff alleges no facts that any individual Defendant had any prior knowledge that he was going to be attacked by other inmates. He alleges no additional facts from which the Court might reasonably infer that Defendants were aware or became aware that Plaintiff faced any risk, let alone a substantial one from any other inmate. *Iqbal,* 556 U.S. at 678; *see also Gaut v. Sunn*, 810 F.2d 923. 925 (9th Cir. 1987) ("mere threat" of possible harm does not violate the Eighth Amendment); *Berg v. Kincheloe*, 749 F.2d 457, 459 (9th Cir. 1986) (deliberate indifference requires showing of "more than a mere suspicion that an attack will occur.").

Here, the SAC is devoid of any factual allegation that any of the named Defendants had any knowledge of any threat to Plaintiff prior to this attack. While Plaintiff claims that the unnamed tower officer "should have been able to see what was going on," he fails to provide any facts beyond speculation of what the officer "should have" seen. (SAC at 3.)

"Much like recklessness in criminal law, deliberate indifference . . . may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm." *Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003. Indeed, deliberate indifference may be established if Plaintiff had allege facts sufficient to "infer[] from circumstantial evidence" that "the risk was obvious," *Farmer*, 511 U.S. at 842; but he has alleged no such facts here. *See e.g., Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015). Thus, even if Defendants "should have been aware of the

5

risk, but [were] not," the standard of deliberate indifference is not satisfied "no matter how severe the risk." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002); *Dixon v. Harrington*, No. 1:11-CV-01323-GBC PC, 2013 WL 28639, at *4 (E.D. Cal. Jan. 2, 2013) (finding claim that guard "fail[ed] to recognize" attacking inmate as plaintiff's enemy amounted to "no more than negligence, which is an insufficient basis upon which to predicate a § 1983 claim.").

For these reasons, the Court finds Plaintiff's Eighth Amendment failure to protect claims must be DISMISSED for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1). *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### D. Eighth Amendment medical care claims

To state an Eighth Amendment inadequate medical care claim, Plaintiff must first allege he suffered from or faced an objectively "serious medical need." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016). "A medical need is serious when the failure to treat it could result in significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096; *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

As the screening stage of these proceedings, the Court will assume that Plaintiff's allegation of having suffered an injury grave enough to require medical attention is sufficient to show he suffered an objectively serious medical need. *McGuckin*, 914 F.2d at 1059. In addition, however, Plaintiff must allege facts sufficient to demonstrate both Defendants acted with "deliberate indifference" to his serious medical needs. *See Erickson v. Pardus*, 551 U.S. 89, 90 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment," and this includes "indifference ... manifested by prison doctors in their response to the prisoner's needs.")). "Deliberate indifference is a high legal standard." *Hamby v.*

*Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)).

Inadvertent failures to provide adequate medical care, mere negligence or medical malpractice, delays in providing care (without more), and differences of opinion over what medical treatment or course of care is proper, are all insufficient to constitute an Eighth Amendment violation. *Gamble*, 429 U.S. at 105-07; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Here, Plaintiff claims that Defendants Lopez and Garcia "attempted to offer [him] medical treatment" to which he responded with an "explicit" word and asked for a shower instead. (SAC at 5.)

Plaintiff offers no specific factual details regarding his alleged injuries nor does he indicate that he suffered any further harm as a result of failing to seek medical treatment. To state an Eighth Amendment claim, Plaintiff must include "further factual enhancement," *Iqbal*, 556 U.S. at 678, which demonstrates Defendants' "purposeful act or failure to respond to [his] pain or possible medical need," *and* the "harm caused by [this] indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096). Defendants' acts or omissions must entail more than Plaintiff continues to allege in his SAC—an isolated act of alleged negligence and/or lack of due care. *See Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. Simply put, an "inadvertent [or negligent] failure to provide adequate medical care" does not state a claim under § 1983. *Jett*, 439 F.3d at 1096 (citing *Estelle*, 429 U.S. at 105).

Accordingly, the Court finds that Plaintiff's SAC still fails to state an Eighth Amendment inadequate medical care claim against any named Defendant, and that therefore, it is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

/ / /

/ / /

### III. Conclusion and Order

Based on the foregoing, the Court:

**DISMISSES** Plaintiff's Second Amended Complaint in its entirety for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Because the Court finds further amendment futile, leave to amend is **DENIED**. See *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

**IT IS SO ORDERED**.

Dated: May 8, 2018

HON. LARRY ALAN BURNS
United States District Judge